IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CASSIUS STEPHENS<br>　　*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-286 |
| RED HORSE TRANS, INC., ALEX DURAN, AND LAVERNE THREAT<br>　　*Defendants.* | § § § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COMES NOW** Defendant, Red Horse Trans, Inc. ("Defendant"), and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Fort Worth Division, of the action numbered and styled *Cassius Stephens v. Red Horse Trans, Inc., Alex Durna, and Laverne Threat*; Cause No. CV19-0186; In the 43rd Judicial District Court of Parker County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1.　Defendant Red Horse Trans, Inc. was served with Plaintiff's Original Petition (the "Petition") on March 6, 2019. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed section 1446(b) of the United States Code. 28 U.S.C. § 1446(b).  Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Cassius Stephens was a citizen of the State of Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

4. Defendant Red Horse Trans, Inc., is a corporation incorporated under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in the State of California. Defendant Red Horse Trans, Inc. is now, and was at the time this action was commenced, a citizen of the State of California and of no other state.

5. Defendant Alex Duran was a citizen of Maricopa County, Arizona at the time this action was filed. Consequently, Defendant Alex Duran was at the time this action was commenced, and is currently, a citizen of the State of Arizona.

6. Defendant Laverne Threat, deceased, was a citizen of Shelby County, Tennessee at the time this action was filed. Consequently, Defendant Laverne Threat was at the time this action was commenced, and is currently, a citizen of the State of Tennessee.

## III.
## AMOUNT IN CONTROVERSY

7. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the

amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

8. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. The Petition alleges damages and seeks monetary relief over $200,00.00 but not more than $1,000,000.00 under Texas Rule of Civil Procedure 47(c). (Pl. Orig. Pet., ¶ 29). Further, the Petition states that Plaintiff Cassius Stephens "sustained mental and physical pain and suffering, mental anguish, physical impairment, loss of household services, loss of capacity to perform household services and loss of earning capacity" in the incident made the basis of this lawsuit. (Pl. Orig. Pet, ¶ 21). Plaintiff claims the following past and future medical, drug, and hospital services; lost wages and loss of earning capacity; and property damage. (Pl.

Orig. Pet. ¶ 32). Plaintiff further alleges gross negligence against Defendants and claims punitive damages. (Pl. Orig. Pet., ¶ 18).

9. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on Plaintiff's claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

10. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 2 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (Pl. Orig. Pet. ¶ 1). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action.

## IV.
## PROCEDURAL REQUIREMENTS

11. Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

12. By virtue of filing this Notice of Removal, the Removing Defendant does not waive its right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

13. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include copies of the Court's Docket Sheet, Plaintiff's Original Petition, and all processes and orders served on Defendants.

14. Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

15. Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the Court Clerk for the 43rd Judicial District Court in Parker County, Texas promptly after the filing of this Notice.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 43rd Judicial District Court in Parker County, Texas to this Court, on this the 5th day of April 2019.

Respectfully submitted,

By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS RED HORSE TRANS, INC. AND ALEX DURAN**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of April 2019, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
*Counsel for Plaintiff*

       /s/ *David L. Sargent*
       **DAVID L. SARGENT**

2034165 v.1
9000/00001