# EXHIBIT 2

# EXHIBIT 2a

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts    Help

Case 4:19-cv-00286-O   Document 1-3   Filed 04/05/19   Page 3 of 42   PageID 11

# REGISTER OF ACTIONS
## CASE NO. CV19-0186

| Cassius Stephens vs. Red Horse Trans, Inc., Alex Duran, and Laverne Threat | § § § § § | Case Type: | **Injury/Damage - Motor Vehicle** |
|---|---|---|---|
| | | Date Filed: | **02/11/2019** |
| | | Location: | **43rd District Court** |

---

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Duran, Alex** | **David L. Sargent** |
| | Mesa, AZ 85207 | *Retained* |
| | | 214-749-6000(W) |
| | | |
| **Defendant** | **Red Horse Trans, Inc.** | **David L. Sargent** |
| | Fresno, CA 93725 | *Retained* |
| | | 214-749-6000(W) |
| | | |
| **Defendant** | **Threat, Laverne** | **David L. Sargent** |
| | Memphis, TN 38108 | *Retained* |
| | | 214-749-6000(W) |
| | | |
| **Plaintiff** | **Stephens, Cassius** | **Jeffrey Todd** |
| | Houston, TX 77034 | *Retained* |
| | | 832-243-4953(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 02/11/2019 | **Case Filed (OCA)** | | |
| 02/11/2019 | **Plaintiff's Original Petition** | | |
| 02/11/2019 | **Civil Case Information Sheet** | | |
| 02/11/2019 | **Letter** | | |
| 02/12/2019 | **Citation** | | |
| | Red Horse Trans, Inc. | Served | 03/06/2019 |
| | Duran, Alex | Served | 03/04/2019 |
| | Threat, Laverne | Served | 03/04/2019 |
| 04/01/2019 | **Original Answer** | | |
| 04/01/2019 | **Request** | | |
| 04/01/2019 | **Jury Fee Paid** | | |
| 04/02/2019 | **Letter** | | |
| 04/03/2019 | **Amended Answer** | | |
| 04/03/2019 | **Notice** | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Duran, Alex | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | **Balance Due as of 04/05/2019** | | | **0.00** |
| 04/01/2019 | Transaction Assessment | | | 40.00 |
| 04/01/2019 | E-File Payment | Receipt # 2019-02853 | Duran, Alex | (40.00) |
| | | | | |
| | **Plaintiff** Stephens, Cassius | | | |
| | Total Financial Assessment | | | 296.00 |
| | Total Payments and Credits | | | 296.00 |
| | **Balance Due as of 04/05/2019** | | | **0.00** |
| 02/12/2019 | Transaction Assessment | | | 296.00 |
| 02/12/2019 | E-File Payment | Receipt # 2019-01443 | Stephens, Cassius | (296.00) |

# EXHIBIT 2b

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

Filed: 2/11/2019 6:00 PM
Dee Duncan
District Clerk
Tarrant County, Texas
Victoria Taylor

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____   **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** ____ Cassius Stephens vs. Red Horse Trans, Inc., Alex Duran and Laverne Threat ____
   *(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

**1. Contact information for person completing case information sheet:**

Name:
Jeffrey N. Todd

Email:
jeff@jefftoddlaw.com

Address:
12929 Gulf Fwy, Ste. 301

Telephone:
832 243-4953

City/State/Zip:
Houston, TX 77034

Fax:
713 583-7818

Signature:
s/ *Jeffrey N. Todd*

State Bar No:
24028048

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
**Cassius Stephens**

Defendant(s)/Respondent(s):
**Red Horse Trans, Inc., Alex Duran and Laverne Threat**

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
[X] Attorney for Plaintiff/Petitioner
[ ] *Pro Se* Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ Condemnation | [ ] Annulment | [ ] Enforcement |
| [ ] Consumer/DTPA | [ ] Construction | [ ] Partition | [ ] Declare Marriage Void | [ ] Modification—Custody |
| [ ] Debt/Contract | [ ] Defamation | [ ] Quiet Title | *Divorce* | [ ] Modification—Other |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Trespass to Try Title | [ ] With Children | **Title IV-D** |
| [ ] Other Debt/Contract: | [ ] Accounting | [ ] Other Property: | [ ] No Children | [ ] Enforcement/Modification |
| | [ ] Legal | | | [ ] Paternity |
| *Foreclosure* | [ ] Medical | | | [ ] Reciprocals (UIFSA) |
| [ ] Home Equity—Expedited | [ ] Other Professional | | | [ ] Support Order |
| [ ] Other Foreclosure | Liability: | **Related to Criminal Matters** | | |
| [ ] Franchise | | [ ] Expunction | **Other Family Law** | **Parent-Child Relationship** |
| [ ] Insurance | [X] Motor Vehicle Accident | [ ] Judgment Nisi | [ ] Enforce Foreign Judgment | [ ] Adoption/Adoption with Termination |
| [ ] Landlord/Tenant | [ ] Premises | [ ] Non-Disclosure | [ ] Habeas Corpus | [ ] Child Protection |
| [ ] Non-Competition | *Product Liability* | [ ] Seizure/Forfeiture | [ ] Name Change | [ ] Child Support |
| [ ] Partnership | [ ] Asbestos/Silica | [ ] Writ of Habeas Corpus— Pre-indictment | [ ] Protective Order | [ ] Custody or Visitation |
| [ ] Other Contract: | [ ] Other Product Liability List Product: | [ ] Other: | [ ] Removal of Disabilities of Minority | [ ] Gestational Parenting |
| | | | [ ] Other: | [ ] Grandparent Access |
| | [ ] Other Injury or Damage: | | | [ ] Parentage/Paternity |
| | | | | [ ] Termination of Parental Rights |
| | | | | [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline | | |
| [ ] Retaliation | [ ] Antitrust/Unfair Competition | [ ] Perpetuate Testimony | | |
| [ ] Termination | [ ] Code Violations | [ ] Securities/Stock | | |
| [ ] Workers' Compensation | [ ] Foreign Judgment | [ ] Tortious Interference | | |
| [ ] Other Employment: | [ ] Intellectual Property | [ ] Other: | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult | |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor | |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health | |
| | [ ] Other Estate Proceedings | [ ] Other: | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [ ] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[X] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

# EXHIBIT 2c

Filed: 2/11/2019 6:00 PM
District Clerk
Parker County, Texas

Victoria Taylor

**CV19-0186**

NO. _____

| | | |
|---|---|---|
| CASSIUS STEPHENS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | PARKER COUNTY, TEXAS |
| | § | |
| RED HORSE TRANS, INC. , | § | **Parker County - 43rd District Court** |
| ALEX DURAN and LAVERNE THREAT | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, CASSIUS STEPHENS, complaining of RED HORSE TRANS, INC., ALEX DURAN and LAVERNE THREAT, Defendants herein, and for cause of action would respectfully show the following:

### Discovery Control Plan

1.      Pursuant to Rule 190.1, Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Rule 190.3, Level 2.

### Parties

2.      Plaintiff, CASSIUS STEPHENS, social security number ***-**-*456, is a resident citizen of Houston, Harris County, Texas.

3.      Defendant, RED HORSE TRANS, INC., is a foreign business entity organized under the laws of The State of California, has its place of business and/or home office in The State of California and whose Corporate Officer and Agent for Service of Process, Ranvir Kaur, is located at 4737 East Florence Avenue, Fresno, California 93725 and whose mailing address is 2537 Deauville Circle, Clovis, California 93619 and does not maintain a registered agent for service of process in The State of Texas.  Accordingly, Defendant, RED HORSE TRANS, INC., may be served with process through the Texas

1

Secretary of State, Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, as Defendant's agent for service because Defendant has engaged in business in Texas but has not designated or maintained a resident agent for service of process in Texas.  Tex. Civ. Prac. & Rem. Code §§17.044(a)(1), 17.045.

4.      Defendant, ALEX DURAN, is a resident of The State of Arizona, who resides at 105 North 95th Place, Mesa, Arizona 85207 and is a non resident of The State of Texas who was operating a motor vehicle on a public highway or street in Texas at the time of this collision.  Pursuant to Tex. Civ. Prac. & Rem. Code §17.061 et seq., Defendant may be served with process by servicing, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483.

5.      Defendant, LAVERNE THREAT, is an resident of  The State of Tennessee, who resides at 3052 Shannon Avenue, Memphis, Tennessee 38108 and is a non resident of The State of Texas who was operating a motor vehicle on a public highway or street in Texas at the time of this collision.  Pursuant to Tex. Civ. Prac. & Rem. Code §17.061 et seq., Defendant may be served with process by servicing, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483.

## Jurisdiction & Venue

6.      The present Court has personal jurisdiction over the parties as the incident occurred in Parker County, Texas. The Court has subject matter jurisdiction as the amount in controversy is within the limits of the Court, and no other court has exclusive jurisdiction.

7.      Venue is proper in the present forum as this cause of action accrued in whole, or in substantial part, in Parker County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002.

2

**Request Pursuant to Rule 28**

8.     To the extent that the Defendant, RED HORSE TRANS, INC. (hereinafter referred to as "RED HORSE")  is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant, RED HORSE TRANS, INC., pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answer to this suit, Defendant, RED HORSE TRANS, INC., answer in its correct legal and assumed names.

## Facts

9.     This lawsuit arises out of a motor vehicle collision which occurred on or about February 20, 2018. On that date, Plaintiff, CASSIUS STEPHENS (hereinafter referred to as "STEPHENS"), was a passenger in a vehicle being operated by, LAVERNE THREAT (hereinafter referred to as "THREAT") which was traveling northbound on Torry Pines Road, Willowbrook, Parker County, Texas. Defendant, ALEX DURAN (hereinafter referred to as "DURAN"), was also traveling northbound behind Plaintiff.  Defendant, THREAT, the driver of the vehicle in which Plaintiff, CASSIUS STEPHENS, was a passenger signaled to make a right turn onto Festival Drive and Defendant DURAN speed up and attempted to pass Plaintiff STEPHENS on the right side of his vehicle when unsafe and caused Plaintiff to strike her right front quarter panel causing both vehicle to spin out of control. Defendant DURAN also  failed to control his speed and both, Defendants, DURAN and THREAT failed to take evasive action as to avoid a collision.

## Negligence of Defendant ALEX DURAN

10.     The Defendant, ALEX DURAN was negligent on the occasion in question and proximately caused Plaintiff's injuries and damages by:

3

a) Failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

b) Failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle on or entering the highway, and failing to use due care, which violated the applicable provisions of the Transportation Code, § 545.351, V.A.T.S., and constituted negligence per se.

c) Failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

d) Failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

e) Traveling at a faster rate of speed than a person exercising ordinary care and prudence under the same or similar circumstances, and in excess of the limits established for the roadway in question, which violated the applicable provisions of the Transportation Code, §545.352, V.A.T.S., and constituted negligence per se.

f) Driving a vehicle in wilful or wanton disregard for the safety of persons or property, which constituted reckless driving, and violated the applicable provisions of the Transportation Code, § 545.401 V.A.T.S., and constituted negligence per se.

g) Passing to the right when unsafe, which violated the applicable provisions of the Transportation Code, § 545.057 V.A.T.S., and constituted negligence per se.

4

11.     Each and every of the above collectively and/or singularly were a proximate cause of the collision in question and the resulting injuries and damages to Plaintiff.

### Course and Scope of Employment

12.     At all times material to the events giving rise to this lawsuit, the Defendant DURAN was acting during the course and scope of his employment for the Defendant, RED HORSE.     Accordingly, the Defendant, RED HORSE, as the employer of the Defendant DURAN, is responsible for the negligent acts, conduct and damages caused by its driver, the Defendant DURAN.

### Negligence of Defendant RED HORSE TRANSPORTATION, INC.

13.     The Defendant, RED HORSE, was negligent on the occasion in question and proximately caused Plaintiff's injuries and damages by entrusting its vehicle to an incompetent or reckless driver, ALEX DURAN, on the date in question, when RED HORSE knew or should have known that ALEX DURAN was an incompetent or reckless driver. Because RED HORSE entrusted their  vehicle to ALEX DURAN, and said driver was negligent on the occasion complained of herein, RED HORSE TRANSPORTATION, INC., is liable for Plaintiff's injuries and damages that were proximately caused by Defendant, DURAN.

14.     The Defendant, RED HORSE, was also negligent on the occasion in question and proximately caused Plaintiff's  injuries and damages by:

a)     Failing to ensure that its drivers were properly licensed;

b)     Failing to properly investigate its employees;

c)     Failing to properly train and/or supervise its employees; and

5

d)      Retaining an unlicensed and reckless driver.

15.      Each and every of the above collectively and/or singularly were a proximate cause of the collision in question and the resulting injuries and damages to Plaintiff.

## Malicious & Grossly Negligent Conduct

16.      STEPHENS, incorporates by reference the statements made in the above paragraphs as if fully set out herein.

17.      RED HORSE acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7).      Specifically, RED HORSE, by and through its employee/agents, failed to reasonably hire, train, or supervise its employees on the safe operation of equipment and acted with total disregard for the circumstances existing at the time.

18.      When viewed from the perspective of RED HORSE at the time of the acts or omissions, the acts or omissions of RED HORSE involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, RED HORSE had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Consequently, RED HORSE is liable to STEPHENS for exemplary damages.

## Negligence of Defendant LAVERNE THREAT

19.      The Defendant, LAVERNE THREAT was negligent on the occasion in question and proximately caused Plaintiff's injuries and damages by:

a)      Failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

6

b)      Failing to control the speed of the vehicle as
        necessary to avoid colliding with another person
        or vehicle on or entering the highway, and failing
        to use due care, which violated the applicable
        provisions of the Transportation Code, §
        545.351, V.A.T.S., and constituted negligence
        per se.

c)      Failing to make such a timely and proper
        application of the brakes as would have been
        made by a person exercising ordinary care and
        prudence under the same or similar
        circumstances.

d)      Failing to make such turning movements of the
        vehicle in question as would have been made by
        a person exercising ordinary care and prudence
        under the same or similar circumstances.

e)      Traveling at a faster rate of speed than a person
        exercising ordinary care and prudence under the
        same or similar circumstances, and in excess of
        the limits established for the roadway in
        question, which violated the applicable
        provisions of the Transportation Code, §545.352,
        V.A.T.S., and constituted negligence per se.

f)      Driving a vehicle in wilful or wanton disregard
        for the safety of persons or property, which
        constituted reckless driving, and violated the
        applicable provisions of the Transportation
        Code, § 545.401 V.A.T.S., and constituted
        negligence per se.

g)      Failing to safely make a right turn at an
        intersection and violated the applicable
        provisions of the Transportation Code, §
        545.101(a) V.A.T.S., and constituted negligence
        per se.

## General Damages of CASSIUS STEPHENS

20.     At the time of the motor vehicle collision made the basis of this suit, Plaintiff,

CASSIUS STEPHENS, was 35  years of age and had a life expectancy of 40.1 years, and

a work-life expectancy of at least 25.8 years according to Vital Statistics of the United

States, 2014, Life Tables.

21.     As a direct and proximate result of Defendant's negligence, Plaintiff,

CASSIUS STEPHENS, has sustained mental and physical pain and suffering, mental

anguish, physical impairment, loss of household services, loss of capacity to perform

household services and loss of earning capacity in the future, all of which are in reasonable

probability permanent.

22.     From the date of the incident in question until the time of trial of this case, the

elements of damages to be considered separately and individually for the purpose of

determining the sum of money that will fairly and reasonably compensate Plaintiff,

CASSIUS STEPHENS, for each element are as follows:

      a.    The physical pain that CASSIUS STEPHENS has suffered from the date of the incident in question up to the time of trial.

      b.    The mental anguish that CASSIUS STEPHENS has suffered from the date of the incident in question up to the time of trial.

      c.    The damages resulting from the physical impairment suffered by CASSIUS STEPHENS and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

      d.    The loss of any earnings sustained by CASSIUS STEPHENS from the date of the incident in question up to the time of trial.

e       The disfigurement from which CASSIUS
        STEPHENS has suffered from the date of the
        incident in question up to the time of trial.

23.     From the time of trial of this case, the elements of damages to be considered

which Plaintiff, CASSIUS STEPHENS, will sustain in the future beyond the trial, are such

of the following elements that are shown by a preponderance of the evidence upon trial of

this case:

a.      The physical pain that CASSIUS STEPHENS will
        suffer in the future beyond the time of trial.

b.      The mental anguish that CASSIUS STEPHENS
        will suffer in the future beyond the time of trial.

c.      The damages resulting from the physical
        impairment that CASSIUS STEPHENS will
        continue to suffer in the future and the resulting
        inability to do those tasks and services that he
        ordinarily would have been able to perform in the
        future beyond the time of trial.

d.      The loss or reduction in Plaintiff's earnings or
        earning capacity in the future caused by the
        injuries sustained in the incident in question.

e.      The disfigurement from which CASSIUS
        STEPHENS has suffered from the date of the
        incident in question up to the time of trial.

24.     Because of all of the above and foregoing, Plaintiff, CASSIUS STEPHENS,

has been damaged and will be damaged in an amount within the jurisdictional limits of the

Court.

### Medical Damages of Plaintiff

25.     Further, as a direct and proximate result of Defendants' negligence, it was

necessary for your Plaintiff, CASSIUS STEPHENS to secure medical and hospital

services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date. Plaintiff, CASSIUS STEPHENS,  here now sues  for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

## Property Damages of CASSIUS STEPHENS

26.     Further, as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff, CASSIUS STEPHENS' vehicle was damaged and/or diminished in value.  Plaintiff here now sues for an additional sum within the jurisdictional limits of the Court for replacement, repair and/or diminished value damages.

## Prejudgment Interest

27.     In addition to the above and foregoing allegations, Plaintiff further pleads that they are entitled to prejudgment interest at the highest rate allowed by law.

## Exemplary Damages

28.     Plaintiff would show that the actions of Defendants were done with malice and/or gross negligence.  Consequently, Plaintiff seeks exemplary damages in an amount within the discretion of the jury and within the jurisdictional limits of the Court.

## T.R.C.P. 47(c)

29.     Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## Request for Disclosure

30.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

10

**Rule 193.7 Notice**

31.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff recovers of and from the Defendants, RED HORSE TRANSPORTATION, INC., ALEX DURAN and LAVERNE THREAT a sum within the jurisdictional limits of the Court, an additional sum within the jurisdictional limits of the Court for past and future medical, drug and hospital services, loss of wages in the past and loss of earning capacity in the future, past property damage, prejudgment interest, costs of Court and for such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THE TODD LAW GROUP, PLLC


By: :   *s/ Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
832 243-4953
713 583-7818 Facsimile
Jeff@jefftoddlaw.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT 2d

Filed: 2/11/2019 6:00 PM
Sharena Gilliland
District Clerk                                    Jeffrey N. Todd
Parker County, Texas        12603 Gulf Freeway, Suite 301
                                               Houston, Texas 77034
Victoria Taylor                    832 243-4953
                                        Fax 713 583-7818
**Writer's direct e-mail address:**
Jeff@jefftoddlaw.com



February 11, 2019

Sharena Gilliland                                        *Via Efile*
PARKER COUNTY DISTRICT CLERK
117 Fort Worth Highway
Weatherford, Texas 76086

   RE:  Cause No._____; *Cassius Stephens vs. Red Horse Trans, Inc.,*
       *Alex Duran and Laverne Threat.*; In the_____Judicial District Court,
       Parker County, Texas

Dear Ms. Gilliland:

   Please issue the citations as follows and email it to my paralegal at
dena@jefftoddlaw.com or return by regular mail if the email option is not available:

RED HORSE TRANS, INC.
By Serving the Texas Secretary of State
Service of Process
James  E. Rudder Building
1019 Brazos, Room 105
Austin, Texas 7801
Forward to:
Ranvir Kaur
RED HORSE TRANS, INC.
4737 Est Florence Avenue
Fresno, California 93619


Alex Duran
By Serving, J. Bruce Bugg, Jr., Chairman
Texas Transportation Commission
125 East 11th Street
Austin, Texas 78701-2483
Forward to:
Alex Duran
105 North 95th Place
Mesa, Arizona 85207

Sharena Gilliland
PARKER COUNTY DISTRICT CLERK
February 11, 2019
Page 2

Laverne Threat
By Serving, J. Bruce Bugg, Jr., Chairman
Texas Transportation Commission
125 East 11th Street
Austin, Texas 78701-2483
Forward to:
Laverne Threat
3052 Shannon Avenue
Memphis, Tennessee 38108


If you have any questions, please do not hesitate to contact my office.


Yours very truly,

/s/ Jeff Todd

Jeffrey N. Todd


JNT/ddk

# EXHIBIT 2e

Filed: 3/5/2019 3:07 PM
District Clerk
Parker County, Texas
Court Stamp Here
Michael Daniels

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**43rd Judicial District**<br>**of Parker County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **CASSIUS STEPHENS** | **CV19-0186** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **RED HORSE TRANS, INC., ET AL.** | **3/02/2019**   **3:23 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **3/04/2019**   **1:17 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** | **$79.50** |

I am certified under order of the Texas Supreme Court to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **3/04/2019** at **1:17 PM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** upon **LAVERNE THREAT c/o TEXAS TRANSPORTATION COMMISSION, DESIGNEE** by delivering **2** true and correct copy(ies) thereof, with **LAVERNE THREAT c/o TEXAS TRANSPORTATION COMMISSION, DESIGNEE, BAILEY HAMMER, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by subject stating their name, a white female approx. 25-35 years of age, 5'4"-5'6" tall, weighing 120-140 lbs with brown hair with glasses** at **125 EAST 11TH STREET, AUSTIN, TX 78701**.

My name is: **Irma Sanchez**. My date of birth is: **1/20/1962**
My address is: **360 Nueces St. #2707, Austin, TX 78701**, USA.
My process server identification # is: **PSC-15611**. My Certification expires: **10/31/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Travis_____ county, TX.

_____
Irma Sanchez

_____3/4/19_____
Date Executed




# EXHIBIT 2f

Filed: 3/6/2019 8:44 PM
Sharena Gilliland
District Clerk
Parker County, Texas
Kelsey Simcox

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| | **District Court**<br>**43rd Judicial District**<br>**of Parker County, Texas** | |
| **Plaintiff** | | **Cause #** |
| | **CASSIUS STEPHENS** | **CV19-0186** |
| **Defendant(s)** | | **Came to Hand Date/Time** |
| | **RED HORSE TRANS, INC., ET AL.** | **3/02/2019     3:23 PM** |
| **Manner of Service** | | **Service Date/Time** |
| | **Substitute** | **3/04/2019     1:17 PM** |
| **Documents** | | **Service Fee:** |
| | **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** | **$79.50** |

I am certified under order of the Texas Supreme Court to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **3/04/2019** at **1:17 PM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** upon **ALEX DURAN c/o TEXAS TRANSPORTATION COMMISSION, DESIGNEE** by delivering per T.R. C.P. Rule 106(b), **2** true and correct copy(ies) thereof, with **Bailey Hammer, OFFICE TECHNICIAN , PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by bailey hammer, a white female approx. 25-35 years of age, 5'4"-5'6" tall, weighing 120-140 lbs with brown hair with glasses** at **125 EAST 11TH STREET, AUSTIN, TX 78701.**

My name is: **Irma Sanchez**. My date of birth is: **1/20/1962**
My address is: **360 Nueces St. #2707, Austin, TX 78701**, USA.
My process server identification # is: **PSC-15611**. My Certification expires: **10/31/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Travis_____ county, TX.

_____
Irma Sanchez

_____
3/5/19
Date Executed

 Todd Law Group

Tracking # 0034052189

# EXHIBIT 2g

Filed: 3/6/2019 8:44 PM
Sharena Gilliland
District Clerk
Parker County, Texas

Court Stamp Here
Kelsey Simcox

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| | **District Court**<br>**Clerk of the District Court of Parker County, Texas**<br>**of Parker County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **CASSIUS STEPHENS** | **CV19-0186** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **RED HORSE TRANS, INC., ET AL.** | **3/02/2019**    **3:22 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **3/06/2019**    **2:07 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE;**<br>**$55.00 CHECK MADE PAYABLE TO THE TEXAS SECRETARY OF STATE** | **$140.00** |

I am certified under order of the Texas Supreme Court to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **3/06/2019** at **2:07 PM**: I served **CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE and $55.00 CHECK MADE PAYABLE TO THE TEXAS SECRETARY OF STATE** upon **RED HORSE TRANS, INC. c/o TEXAS SECRETARY OF STATE, DESIGNEE** by delivering **1** true and correct copy(ies) thereof, with **RED HORSE TRANS, INC. c/o TEXAS SECRETARY OF STATE, DESIGNEE, Who accepted service, with identity confirmed by michelle robinson** , a white female approx. 35-45 years of age, 5'8"-5'10" tall, weighing 140-160 lbs with blonde hair. **Michelle Robinson, person allowed to accept service, received documents at 1019 BRAZOS ROOM 105, AUSTIN, TX 78701.**

My name is: **Irma Sanchez**. My date of birth is: **1/20/1962**

My address is: **360 Nueces St. #2707, Austin, TX 78701**, USA.

My process server identification # is: **PSC-15611**. My Certification expires: **10/31/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____Travis_____ county, TX.

_____
Irma Sanchez

_____3/6/19_____
Date Executed




# EXHIBIT 2h

Filed: 4/1/2019 2:45 PM
Sharena Gilliland
District Clerk
Parker County, Texas

Kathryn San Miguel

## CAUSE NO. CV19-0186

| | | |
|---|---|---|
| **CASSIUS STEPHENS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **43RD JUDICIAL DISTRICT** |
| | § | |
| **RED HORSE TRANS, INC., ALEX** | § | |
| **DURAN, AND LAVERNE THREAT** | § | |
| *Defendants.* | § | **PARKER COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

### TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW,** Red Horse Trans, Inc., Alex Duran, and LaVerne Threat ("Defendants"), and file their Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### REQUESTS FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendants request that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

**III.**
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED
## PURSUANT TO TEX. R. CIV. P 193.7

Defendants places Plaintiff on notice that pursuant to Texas Rules of Civil Procedure 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

**IV.**
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing hereof, Plaintiff take nothing by way of her cause of action herein, that Defendants recovers their costs herein expended and for such other and further relief, at law or in equity, to which Defendants may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:   */s/ David L. Sargent*
　　　　**DAVID L. SARGENT**
　　　　State Bar No. 17648700
　　　　david.sargent@sargentlawtx.com
　　　　**MARTHA M. POSEY**
　　　　State Bar No. 24105946
　　　　martha.posey@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6514 Telephone
(214) 749-6314 Facsimile

**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of April 2019 a true and correct copy of the above and

foregoing instrument was forwarded to the following counsel via e-file to:

Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
*Counsel for Plaintiff*

/s/ David L. Sargent
**DAVID L. SARGENT**

2033908 v.1

# EXHIBIT 2i

Filed: 4/1/2019 2:45 PM
Current District Clerk
District Clerk
Parker County, Texas

Kathryn San Miguel

## CAUSE NO. CV19-0186

| | | |
|---|---|---|
| **CASSIUS STEPHENS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **43ᴿᴰ JUDICIAL DISTRICT** |
| | § | |
| **RED HORSE TRANS, INC., ALEX** | § | |
| **DURAN, AND LAVERNE THREAT** | § | |
| *Defendants.* | § | **PARKER COUNTY, TEXAS** |

## <u>DEFENDANT'S REQUEST FOR JURY TRIAL</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COME NOW,** Red Horse Trans, Inc., Alex Duran, and LaVerne Threat ("Defendants"),

and requests that a jury trial be held on said cause.  A jury fee has been paid by the Defendants.

      Respectfully submitted,

      **SARGENT LAW, P.C.**


      By: */s/ David L. Sargent*
       **DAVID L. SARGENT**
       State Bar No. 17648700
       david.sargent@sargentlawtx.com
       **MARTHA M. POSEY**
       State Bar No. 24105946
       martha.posey@sargentlawtx.com

      1717 Main Street, Suite 4750
      Dallas, Texas 75201
      (214) 749-6514 Telephone
      (214) 749-6314 Facsimile

      **ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of April 2019 a true and correct copy of the above and

foregoing instrument was forwarded to the following counsel via e-file to:

Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
*Counsel for Plaintiff*

/s/ David L. Sargent
**DAVID L. SARGENT**

2033912  v.1
9000/00001

# EXHIBIT 2j



## 43rd DISTRICT COURT

Craig Towson
Judge Presiding

117 Fort Worth Highway
Weatherford, Texas 76086

Telephone:   (817) 598-0069
Facsimile:   (817) 598-6108

Jolene DuBoise, Court Coordinator
jolene.duboise@parkercountytx.com

Katy Clarke, Assistant Court Coordinator
katy.clarke@parkercountytx.com

April 02, 2019

Jeffrey Todd *via email only*
12929 Gulf Freeway
Suite 301
Houston, Texas 77034

David L Sargent *via email only*
901 Main Street
Suite 5200
Dallas, Texas 75202

Re: CV19-0186, *Cassius Stephens vs. Red Horse Trans, Inc., Alex Duran, and Laverne Threat*

Counsel:

It has been brought to the attention of the Court that a jury fee has been paid in the above referenced case. In accordance with this Court's standard procedure, enclosed please find a "sample" Standard Pretrial Scheduling Order. Please note that this is a <u>sample</u> scheduling order and should be amended for your individual case.

The attorneys are asked to confer and, no later than May 24, 2019, submit an Agreed Scheduling Order which complies with the sample which is enclosed. Upon receipt of this scheduling order the case will be set for trial and a pre-trial conference will be scheduled.

Very truly yours,

Jolene DuBoise
Court Coordinator

Enc

# EXHIBIT 2k

Filed: 4/3/2019 6:02 PM
current retirement
District Clerk
Parker County, Texas

Kelsey Simcox

### CAUSE NO. CV19-0186

| | | |
|---|---|---|
| **CASSIUS STEPHENS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **43RD JUDICIAL DISTRICT** |
| | § | |
| **RED HORSE TRANS, INC., ALEX** | § | |
| **DURAN, AND LAVERNE THREAT** | § | |
| *Defendants.* | § | **PARKER COUNTY, TEXAS** |

## DEFENDANTS RED HORSE TRANS, INC. AND ALEX DURAN'S
## FIRST AMENDED ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW,** Red Horse Trans, Inc. and Alex Duran ("Defendants"), and file their First Amended Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

### II.
### REQUESTS FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendants request that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### III.
### <u>NOTICE OF INTENT TO USE DOCUMENTS PRODUCED</u>
### <u>PURSUANT TO TEX. R. CIV. P 193.7</u>

Defendants places Plaintiff on notice that pursuant to Texas Rules of Civil Procedure 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

### IV.
### <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing hereof, Plaintiff take nothing by way of her cause of action herein, that Defendants recovers their costs herein expended and for such other and further relief, at law or in equity, to which Defendants may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: _/s/ David L. Sargent_
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **MARTHA M. POSEY**
    State Bar No. 24105946
    martha.posey@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6514 Telephone
(214) 749-6314 Facsimile

**ATTORNEY FOR DEFENDANTS RED HORSE TRANS, INC. AND ALEX DURAN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of April, 2019 a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via e-file to:

Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
*Counsel for Plaintiff*

/s/ David L. Sargent
**DAVID L. SARGENT**

2034094 v.1

# EXHIBIT 2l

Filed: 4/3/2019 6:02 PM
Sharena Gilliland
District Clerk
Parker County, Texas

Kelsey Simcox

## CAUSE NO. CV19-0186

| | | |
|---|---|---|
| **CASSIUS STEPHENS** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **43RD JUDICIAL DISTRICT** |
| | § | |
| **RED HORSE TRANS, INC., ALEX** | § | |
| **DURAN, AND LAVERNE THREAT** | § | |
| *Defendants.* | § | **PARKER COUNTY, TEXAS** |

## <u>NOTICE OF WITHDRAWAL OF COUNSEL</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Notice is hereby given of the withdrawal of David L. Sargent and Martha M. Posey as counsel for Laverne Threat, Defendant in the above-entitled cause of action. A notice of appearance was inadvertently filed in Defendants' Original Answer, naming Laverne Threat as an answering Defendant. Defendant Laverne Threat is not represented by Sargent Law, P.C.

David L. Sargent and Martha M. Posey therefore respectfully request the Court and all parties of record remove David L. Sargent and Martha M. Posey as counsel of record for Defendant Laverne Threat.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:    */s/ David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **MARTHA M. POSEY**
    State Bar No. 24105946
    martha.posey@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6514 Telephone
(214) 749-6314 Facsimile

**ATTORNEY FOR DEFENDANTS RED HORSE TRANS, INC. AND ALEX DURAN**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2019 a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via e-file to:

Jeffrey N. Todd
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
*Counsel for Plaintiff*

    */s/ David L. Sargent*
    **DAVID L. SARGENT**

2034099 v.1